. The City of Emporia v. William T. Soden.

*Motion for Rehearing.*

This case was decided at the January Term, 1881, of this court, and is reported in 25 Kas. 588, *et seq.* The judgment against the city having been affirmed, the city, July 30, 1881, filed a motion for a rehearing, which is now decided.

*C. N. Sterry*, and *I. E. Lambert*, for plaintiff in error.
*Scott & Lynn*, contra.

The opinion of the court was delivered by

BREWER, J.: The city has filed a motion for rehearing in this case. The point made in the motion is this: At the close of the opinion filed, we stated that we considered the statute broad enough to cover the condemnation of water, and that if the city and Soden could not agree upon terms, condemnation proceedings could be had. Now counsel say that the record discloses that condemnation proceedings were in fact had, and ask, What more could the city do? The trouble with those proceedings is, that there was no condemnation of the water. The effect of such proceedings is, to pass no more title, no greater interest than an ordinary deed would pass. In this case the city both condemned the tract of land upon the banks of the Cottonwood, and received from the owner a voluntary deed. The condemnation proceedings gave it no more right or interest in the land than did the deed which it received. It is true that the land taken and bought extended to the middle of the channel, and to that extent constituted the city a riparian owner, but no riparian owner has a right to divert the flow of a stream. Bragunier, the former owner, may have owned the land bordering upon the mill-pond for years, but such ownership of that land gave him no right to drain the pond or divert the flow of the stream to the destruction or injury of Soden's water power. The city succeeded to Bragunier's rights, and nothing more; it could not take a drop of water from that pond above what Bragunier had a right to take; it could not reduce Soden's water power a particle more than Bragunier could. If the city wishes to take water from that pond to the damage of Soden's water power, and desires to take it by condemnation proceedings, the commissioners appointed must value the power so to be taken, and the damage done to Soden by so taking; then if he is dissatisfied with their award he can

appeal to the district court, and the case will there be tried before a jury. The city in taking water from a stream is subject to the same obligation to compensate the lower riparian owners that an individual would be. If it destroys the natural flow of the water to the injury of such owners, it must compensate them therefor. The trouble with the condemnation proceedings had, was, that they did not purport to condemn the right of diverting the water from the Cottonwood river, and nothing passes by such proceedings except what is specified therein. By condemning one piece of property no right is acquired to another, and the right to divert the flow of a stream is not a right incident to riparian ownership. It is separate and independent property, and if the city seeks to condemn that, it must have a special condemnation of it.

The motion for a rehearing will be overruled.

All the Justices concurring.